People of Porto Rico, Plaintiff and Appellee, *v.* Andrés Franceschi, Defendant and Appellant.

No. 3799. Argued June 20, 1929.—Decided July 12, 1929.

*Carlos del Toro Fernández* for the appellant. *F. G. Pérez Almiroty,*. *Acting Fiscal,* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Policeman Arturo Padilla filed a complaint which formed the basis of a proceeding for security to keep the peace against Andrés Franceschi in the municipal court of Yauco.

Having been bound over, Franceschi appealed to the District Court of Ponce which after a trial *de novo* rendered the following judgment:

"After being arraigned, the defendant pleaded not guilty. The evidence for the prosecution and the defense having been heard, the court, after weighing the same, holds that it has been satisfactorily proven that there are sufficient grounds for believing that the defendant Andrés Franceschi might carry out his threats against the life of Luis Filión, and the court orders the said Andrés Franceschi to furnish bond in the amount of $500 the sureties thereon to bind themselves to make defendant Andrés Franceschi keep the peace toward the People of Porto Rico and particularly with regard to Luis Filión, and if defendant should fail to furnish such bond, the jailer of the

district jail of Ponce shall keep him under custody for six months, with costs against the said defendant.''

Franceschi appealed to this court and he has assigned only one error based on the weighing of the evidence by the district judge.

The *fiscal* in his brief maintains that no appeal lies in proceedings of this character, citing in support of his contention the jurisprudence of California, thus resumed:

"No appeal lies from an order of a justice of the peace, requiring the giving of a bond for security to keep the peace. The statutory enactments make no provision for an appeal from such an order. Therefore, a conclusion of the justice of the peace is, so far as the accused is concerned, a final determination upon the merits of the controversy, and the order of the officer that the accused person stand committed contains all the essentials of a final judgment. Hence, a superior court cannot vacate an order of the justice's court requiring an undertaking, without any trial, basing its action solely and alone upon a statement of the case. It seems that if a magistrate attempts to enforce a wholly unauthorized order for security, some appropriate remedy other than appeal should be sought by the person aggrieved." 4 Cal. Jur. 480.

The appellant replies that the ordinary remedy of appeal is precisely the one to be exercised in the present case in accordance with the express ruling of this court in *Nogueras* v. *Municipal Court of Cayey,* 7 P.R.R. 562.

There is no doubt that this court in 1904 in the case above cited decided that the remedy of appeal was proper. Apparently the question has not since been raised again. The *fiscal* states in his brief that he has only been able to find in our jurisprudence two more cases of proceedings for security to keep the peace and those reached this court through *habeas corpus,* to wit: *Ex Parte Caraballo,* 9 P.R.R. 295, and *De Jesús* v. *People,* 22 P.R.R. 1. We have discovered two more cases: *Ex Parte Solares,* 4 P.R.R. 82 (second ed.) and *Ex Parte Rivera,* 11 P.R.R. 347, also reviewed through *habeas corpus* proceedings.

The jurisprudence of California is not the only one to

hold that in the absence of statutory provisions no appeal lies in proceedings for security to keep the peace. Other jurisdictions have similarly held.

Corpus Juris, relying on decisions from Alabama, Kentucky, North Carolina, New York, Kansas, Indiana and Pennsylvania, says:

"Unless provided for by statute, it has been held that no appeal lies from an order of a justice requiring a recognizance, adjudging costs, or dismissing the complaint; but the action of the justice may be reviewed by certiorari or habeas corpus. In Pennsylvania the justice's transcript must show compliance with statutory requirements." 9 C. J. 397.

The only state cited as authorizing an appeal by statutory provision is **Wisconsin.**

Adverting to the origin and nature of the proceedings for surety of the peace, Corpus Juris sums up the jurisprudence as follows:

"The power to hold to bail to keep the peace existed at common law in England and has been considered part of the common law of this country.

"The requirement of surety of the peace is preventive justice and consists in obliging those persons of whom there is a probable ground to suspect future misbehavior, to stipulate with, and to give full assurance to, the public that such offense as is apprehended shall not happen, by finding pledges or securities for keeping the peace. It is, however, to be observed that, strictly speaking, such proceedings are not criminal, although they are more in the nature of criminal than of civil proceedings. Such a proceeding is not, however, the prosecution of an offense committed, and hence does not, it seems, come under the constitutional inhibition against a second jeopardy for the same offense." 9 C. J. 393.

Further consideration of the matter in the light of the nature of the proceeding and of the jurisprudence of several states of the Union leads us to the conclusion that, the statutory law itself in Porto Rico not providing for the remedy of appeal in these cases, the *fiscal* is right and the appeal, therefore, must be dismissed for want of jurisdiction.

The intervention of the courts of first instance in this kind of proceedings must be preventive. Their decisions, which do not prejudge at all the guilt of the accused, are and must be final in order to produce immediately the salutary effects sought by the legislator. If the justices of the peace or municipal judges exceed their jurisdiction or do not follow the lawful procedure, the remedies of *habeas corpus* or certiorari provide adequate means for review by the superior courts.

Lastly, it would seem advisable to state that the appeal herein was taken from a judgment rendered on appeal without jurisdiction by a district court, and this is another ground for the dismissal of the present appeal.

The appeal is dismissed.